# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein ⬤ replace nor supplement the filing and service of pleadings or other ⬤ ers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the Purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

UNITED STATES OF AMERICA

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF_____
(EXCEPT IN U.S. PLAINTIFF CASES)

© ATTORNEYS (FIRMS NAME, ADDRESS, AND TELEPHONE NUMBER)
KARON V. JOHNSON, AUSA    472-7332 ext. 146

## DEFENDANTS    $7,084.00 UNITED STATES CURRENCY

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT_____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

# 03-00026

## II. BASIS OF JURISDICTION    (PLACE AN X IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizen of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES    (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | | | |
|---|---|---|---|
| Citizen of This State | ☐ 1 ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 ☐ 4 |
| Citizen of Another State | ☐ 2 ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 ☐ 3 | Foreign Nation | ☐ 6 ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Title 21, U.S.C. § 881(a)(6), Forfeiture of United States Currency, proceeds of trafficking in controlled substances.

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgement<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suit<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | PERSONAL INJURY<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | PERSONAL INJURY<br>☐ 362 Personal Injury-Med Malpractice<br>☐ 365 Personal Injury-Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>PERSONAL PROPERTY<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Food & Drug<br>☐ 630 Liquor Laws<br>☐ 640 R. R. & Truck<br>☐ 650 Airline Regs<br>☐ 660 Occupational Safety/Health<br>☒ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>PROPERTY RIGHTS<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | SOCIAL SECURITY<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC (405(g))<br>☐ 863 DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>FEDERAL TAX SUITS<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS-Third Party 26 USC 7609 | |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>☐ 530 Habeas Corpus<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights | | | |

## VI. ORIGIN    (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

Transferred from ☐ 5 another district (Specify)

☐ 6 Multidistrict Litigation

Appeal to District ☐ 7 Judge from Magistrate Judgement

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASES(S) (See instructions): IF ANY

JUDGE _____    DOCKET NUMBER _____

DATE 7/10/03    SIGNATURE OF ATTORNEY OF RECORD *Karon V Johnson*

UNITED STATES DISTRICT COURT

ORIGINAL

1 | $7,084.COM

2 | LEONARDO M. RAPADAS
United States Attorney
3 | KARON V. JOHNSON
Assistant U.S. Attorney
4 | Suite 500, Sirena Plaza
108 Hernan Cortes
5 | Hagåtña, Guam 96910
PHONE: (671) 472—7332
6 | FAX:  (671) 472—7334

**FILED**
DISTRICT COURT OF GUAM

JUL 1 1 2003

MARY L. M. MORAN
CLERK OF COURT

7 | Attorneys for the United States of America

8 |

9 | **IN THE UNITED STATES DISTRICT COURT**

**FOR THE TERRITORY OF GUAM**

10 |

11 | UNITED STATES OF AMERICA,    )      CIVIL CASE NO. **03-00026**
                             )
12 |              Plaintiff,     )
                             )
13 |       vs.                   )      **VERIFIED COMPLAINT OF**
                             )      **FORFEITURE**
14 | $7,084.00 UNITED STATES     )
    CURRENCY,                 )
15 |                             )
                Defendant.    )
16 | _____)

17 |       Now comes plaintiff, the United States of America, by and through its attorneys,

18 | Leonardo M. Rapadas, United States Attorney for the District of Guam, and Karon V. Johnson,

19 | Assistant United States Attorney, and respectfully states as follows:

20 |       1. This is a civil action in rem brought to enforce the provision of 21 U.S.C. § 881(a)(6)

21 | for the forfeiture of United States currency which was used or intended to be used in exchange

22 | for controlled substances or represents the proceeds of trafficking in controlled substances or was

23 | used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act,

24 | 21 U.S.C. §§ 801 et seq.

25 |       2. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

26 |       3. The defendant is $7,084.00 in United States currency.

27 |

28 |                                   -1-

ORIGINAL

4. The defendant $7,084.00 United States currency was seized while located within the jurisdiction of this Court.

5. The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the Declaration of DEA Task Force Agent David L. Taitano, attached hereto and incorporated herein as Exhibit A.

6. The defendant $7,084.00 in United States Currency was used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substance Act, 21 U.S.C. §§ 801 et seq and is, therefore, subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

**WHEREFORE,** the United States of America prays that a warrant in rem issue for the arrest of the defendant $7,084.00 in United States Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant $7,084.00 in United States Currency to be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted this _____11_____ day of July, 2003.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI


By: _____
KARON V. JOHNSON
Assistant U.S. Attorney

-2-

# DECLARATION OF DAVID L. TAITANO

I, DAVID L. TAITANO, being first duly sworn, do depose and say:

1. I am a Guam Customs and Quarantine Officer II (CQII) assigned to the United States Drug Enforcement Administration (DEA) Task Force as a federal deputized Task Force Officer, and have been so for the past fifteen months. During this time, I have participated in several arrests while being assigned with DEA which pertained to the distribution of controlled substances. I have debriefed and directed informants in gathering narcotic intelligence. While being assigned to the DEA Task Force I have been personally assigned to the investigation of narcotics violations as both case agent and surveillance agent.

2. Prior to being assigned to DEA, I was a line officer with the Guam Customs and Quarantine Agency for a period of six years. I have previously completed the Basic Law Enforcement Academy conducted by Guam Community College staff as a requirement to become a Customs Officer. During that time, I completed investigative training courses and courses in narcotics identification. During my tenure as a line officer, I personally identified several drug smugglers and other violators of Customs regulations at the Guam International Airport and transferred my arrest to Guam Customs & Quarantine, U.S. Customs Service or the Drug Enforcement Administration.

3. I have had experience, training and communicating with law enforcement personnel who specialize in the area of documentation and detection of proceeds from drug trafficking. I have experience in debriefing defendants, informants and witnesses who have personal knowledge of drug organizations. Such individuals often have personal information as to the transportation and distribution of money and drugs in large-scale controlled substance

-1-

EXHIBIT "A"

distribution operations.

4. I know from my training, expertise and experience that importers and distributors of controlled substances often keep ledger books, bank records, telephone records, receipts, airline tickets, drug customer lists, photos and other papers that relate to the importation, transportation, ordering, purchasing and the distribution of controlled substances and proceeds derived from said sales.

5. I know from my training and experience that it is common for large-scale drug dealers to secrete contraband, proceeds of drug sales and records of drug transactions in secure locations within their premises for ready access and to conceal them from law enforcement authorities. I also know that persons involved in large scale drug trafficking conceal in their premises caches of drugs, large amounts of currency, financial instruments, precious metals, jewelry, automobile titles and other items of value and/or proceeds of drug transactions and evidence of financial transactions relating to obtaining, transferring, secreting or spending large sums of money acquired from engaging in narcotics trafficking activities. I also know the courts have recognized that cash wealth is probative evidence of crimes motivated by greed, in particular, trafficking in controlled substances.

6. On February 13, 2003, Guam Police Department Violence Street Crimes Task Force Agent (VSCTF) VSCTFA Sang Q. To received a telephone call from a source of information that there was methamphetamine hydrochloride (ice) in Room 719 of the Westin Restort Hotel, Guam. The source stated that the room was registered to an individual named Francine Benavente.

7. On February 13, 2003, VSCTFAs To and Frankie E. Smith went to the Westin and

-2-

contacted the Front Desk Manager, Yueh Cheng Tsiao. Mr. Tsiao confirmed that Francine Benavente was the registered guest in room 719, and had a checkout time of noon that day.

8. About 4:50 p.m., VSCTFAs To and Smith met the Westin Hotel director, Amy Hanashiro and Doug Brault, Security Manager, and informed them of the information they had received. Ms. Hanashiro verified through the Front Desk that Benavente had not extended her stay. Ms. Hanashiro advised the agents that the Hotel would seize the room at 6 p.m. and conduct an inventory of the room at that time.

9. At about 6:05 p.m., VSCTFAs To and Smith accompanied Ms. Hanashiro, Mr. Brault and Mr. Tsiao to room 719, where they knocked on the door. After receiving no response, Ms. Hanashiro opened the door and entered. The Hotel personnel searched the room. Mr. Brault then came out of the room and advised the VSCTFAs that he had found a money bag and drug paraphernalia inside the room safe.

10. At about 6:10 p.m., VSCTFAs To and Smith entered Room 719 and received the money bag and drug paraphernalia from Mr. Brault. The Hotel management gave the agents permission to search the room further. VSCTFA Smith seized a child's lunch box containing a dark colored money pouch which was locked. He opened the pouch and observed a gram digital scale, which in my experience is commonly used in the distribution of ice. The bag also contained the defendant $7,084.00 in United States Currency and packets of a white crystalline substance which he suspected to be ice. VSCTFA Smith also found a resealable plastic bag containing more suspected ice. In total, agents seized four baggies containing suspected ice, one heat-sealed straw containing suspected ice, two baggies containing suspected ice residue, and a glass pipe which in my experience is commonly used to smoke ice.

-3-

11. VSCTFA Smith later conducted a Marquis Reagent field test for the presence of methamphetamine on the contents of one of the baggies: the test was positive for the presence of methamphetamine.

12. VSCTFA To contacted the DEA Guam Resident Office and informed us of their seizure. DEA Special Agent Joe Meno and DEA Task Force Agents Norbert Sablan, Franklin Guiterrez and myself went to the Westin Hotel. Subsequently, I received the money and counted it. It amounted to $7,084.00 in United States Currency. I then secured this money by placing it in the non-drug evidence safe for safekeeping, located in the DEA office.

FURTHER AFFIANT SAYETH NAUGHT.

_____
DAVID L. TAITANO
DEA Task Force Agent

**SUBSCRIBED AND SWORN** to before me this ____ day of July, 2003.

_____
NOTARY PUBLIC

)SEAL(

CARMELLETA Q. SAN NICOLAS
Notary Public
In and for Guam, U.S.A.
My Commission expires: Feb. 11, 2006
Sirena Plaza, Ste. 500,
108 Hernan Cortez Avenue
Hagåtña, Guam 96910

-4-

1    $7,084.WAR

2    LEONARDO M. RAPADAS
      United States Attorney
3    KARON V. JOHNSON
      Assistant U.S. Attorney
4    Suite 500, Sirena Plaza
      108 Hernan Cortes
5    Hagåtña, Guam 96910
      PHONE: (671) 472-7332
6    FAX: (671) 472-7334

7    Attorneys for the United States of America

8

              **IN THE UNITED STATES DISTRICT COURT**
9

                **FOR THE TERRITORY OF GUAM**
10

11    UNITED STATES OF AMERICA,   )    CIVIL CASE NO. **03-00026**

12             Plaintiff,     )

13          vs.          )    **WARRANT OF ARREST IN REM**

14    $7,084.00 UNITED STATES   )
      CURRENCY,          )
15                       )

16             Defendant.    )

17    _____)

18    TO: UNITED STATES MARSHALS OR ANY AUTHORIZED ENFORCEMENT OFFICERS

19        **WHEREAS,** a verified complaint has been filed in this Court praying that process issue

20    for the arrest of property that is the subject of this action:

21        **NOW, THEREFORE,** we do hereby command that you seize the property, which is

22    described as $7,084.00 in United States Currency, presently on deposit with the Drug

23    Enforcement Administration, Guam Office, and detain the same in your custody until further

24    order of the Court respecting the same.

25        All persons claiming an interest in said property must file their claims, pursuant to Rule C

26    of the Supplemental Rules of Certain Admiralty and Maritime Claims, within ten (10) days after

27

28                          -1-

ACKNOWLEDGED RECEIPT

By: _____

Date: 7/11/03

COPY

1    the execution of the warrant or actual notice of this action, whichever occurs first, and must serve

2    and file an answer within twenty (20) days after the filing of the claim with the Office of the

3    Clerk, 4th Floor, United States District Court, 520 West Soledad Avenue, Agana, Guam 96910.

4          Additional procedures and regulations regarding this forfeiture action are found at 19

5    U.S.C. §§ 1602-1619, and Title 21, Code of Federal Regulations (C.F.R.) §§ 1316.71-1316.81.

6    All persons and entities who have an interest in the defendant property may, in addition to filing

7    a claim or in lieu of the filing of a claim, submit a Petition for Remission or Mitigation of the

8    forfeiture for a non-judicial determination of this action pursuant to 28 C.F.R. Part 9.

9          You are also commanded to give due notice to all persons and entities having an interest

10   in the property under seizure by publication in a newspaper of general circulation in the judicial

11   district where the defendant property was seized.

12         DATED this _____ 11th _____ day of July, 2003.

13                                     UNITED STATES DISTRICT COURT CLERK

14

15                          By: _____

16                               DEPUTY CLERK

17

18

19

20

21

22

23

24

25

26

27

28                                          -2-